## No. 6864.

STATE EX REL. ALICE McCLOSKEY ET AL. VS. THE JUDGE OF THE SECOND DISTRICT COURT.

Where parties have been recognized by a formal decree of court as legatees of a succession, no appeal will lie from a subsequent judgment on a rule taken by them, or on the application of the executor, ordering him to sell property enough to pay the legacies.

The appropriate process to arrest an order of sale, rendered on a rule to show cause why property should not be sold is the process of injunction, not appeal.

Neither the legatee of an annuity in a succession, nor the residuary legatee, has a right to frustrate or retard the sale of property prayed for by particular legatees for the payment of their legacies.

APPLICATION for a mandamus.

*Thos. J. Semmes* and *James Timony* for relator.

*E. Bermudez* for respondent.

The opinion of the court was delivered by

MANNING, C. J. Several legatees of Hugh McCloskey, having obtained a judicial recognition of their legacies contradictorily with the executors of his will, took a Rule on the latter to shew cause why sufficient property should not be sold to satisfy them. One of the executors

answered that it was inopportune to sell at this time of the year. The other made no objection. The widow of the deceased, and the Roman Catholic Bishop of Derry, Ireland, intervened and joined the executor in opposing the sale. They are the relators. The first is a legatee under the will of her husband of two hundred dollars per month during her natural life. The last is the residuary legatee. The Judge made the Rule absolute, and one of the executors then filed a petition; praying the sale of all the property, alleging that there were other legacies besides those of the plaintiffs in the Rule that were unpaid, and it was ordered accordingly. The intervenors then moved for a suspensive appeal, which was refused, and having obtained a mandamus provisionally, now pray that it be made peremptory.

The Code orders thus;—In default of funds sufficient to discharge the debts and legacies of sums of money, the testamentary executor shall cause himself to be authorized by the court to sell the movables, and if they are insufficient, the immovables to a sufficient amount to satisfy those debts and legacies. art. 1661 new no. 1668. The legatees, having obtained judgments, could proceed only by Rule to enforce them. The rule was their process in execution of their final judgment. An appeal does not lie from an order or judgment making such rule absolute. The appeal should have been taken from the judgment for the legacies. Boutté's Suc. Opinion Book 46 fol. 485.

The court could not do otherwise than order the sale. Some of the legatees desired it to pay them, and the executor prayed for it to pay all. The legatees who desire the payment of their legacies should not be delayed until the unanimous consent of all can be obtained, on the ground that the interest of some will be promoted by the delay.

The order of sale having been made, its execution can not be arrested, save by an injunction. The bond which must be given to obtain that writ affords a more direct and a more adequate remedy than an appeal bond, and a party, defeated on a rule to shew cause why property should not be sold to pay a judgment, can not substitute an appeal from a judgment making that rule absolute to an injunction restraining the sale. State vs. Judge of Second Court, 9 Annual, 301.

The counsel for the relators urge that the particular legatee of the annuity prefers to have it secured by mortgage on the real estate, and does not claim its capitalization, and the residuary legatee concurs with her in opposing the sale, because such sale will result in a reduction of the legacies and leave no residuum. The legatees who pray the sale appear not to apprehend the reduction of their legacies, or are indifferent to it, and the residuary legatee can not postpone the sale until such time as will put his loss beyond peradventure. If the legatee of the annuity can prevent the sale because she prefers to retain her mortgage

upon the property as it now stands, the property can not be sold during her life, since her annuity has that duration. What may be the rights of the several parties upon the fund produced by the sale has not now to be determined. The obligation of the executor to sell under the order as granted, and the inability or want of power of the annuitant and the residuary legatee to check the sale by such appeal as was prayed, are the questions now dealt with.

The peremptory mandamus is refused at the costs of the relators.